[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PRODUCTION
The plaintiff has moved that an order issue requiring the defendant City and Town of New Haven to provide copies of police case incident reports relating to the investigation of an accident that occurred on or about November 13, 1988, dated March 19, 1989 and May 9, 1989, as well as any additional police case incident reports compiled subsequent to May 9, 1989. CT Page 6005
The defendants have objected to their production on the grounds that the reports constitute material prepared in anticipation of litigation and that therefore the reports are discoverable under Practice Book Section 219 only upon a showing of substantial need and undue hardship.
The threshold question to resolving the defendant's objection based on Section 219 regarding materials prepared in anticipation of litigation is to reconcile Section 219 with Section 220 dealing with experts.
The police case incident reports were prepared by City of New Haven police officers. The fact that the individuals preparing the reports were police officers in and of itself does not necessarily mean that they are experts. However, in the event it is determined through proper discovery that the individuals in question are experts, then Section 220 would govern the right to discovery of the facts known and opinions held by those experts as opposed to Section 219 which deals with discovery of documents and tangible things. Section 219 by its very language is "subject to the provisions of Section 220." Section 220, on the other hand, has different rules based on whether the defendant intends to call an expert witness at trial or whether the witness is not expected to be called as a witness for trial.
This Court will therefore not rule on the existing objections to the motions for production of the police case incident reports until such time as it is determined by proper discovery whether: (A) either or all of the police officers who were involved in the case incident reports in question are experts; and (B) whether the defendant intends to call or not call any or all of the police officers who were involved in the reports. Further, in the event the police officer or officers were, in fact, experts and are not expected to be called as witnesses at trial, then the plaintiff should have the right under proper discovery to attempt to make a showing of exceptional circumstances that is required under Section 220(B). See Borough School Condominium Association v. Metropolitan Properties, Inc., Trustee, et al, Superior Court, Judicial District of New London, No. 070625, Berdon, J., Conn. Law Trib., January 27, 1986.
AXELROD, J.